IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARRY L. BIERLEY** | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **C.A. No. 04-363 ERIE** |
| | ) | |
| **WARDEN JAMES VESHECCO** | ) | |
| Respondent. | ) | |

**RESPONDENT'S BRIEF IN OPPOSITION TO PETITION
FOR WRIT OF HABEAS CORPUS**

Roger M. Bauer, Esq.
Assistant District Attorney
Erie County Courthouse
140 West Sixth Street
Erie, Pennsylvania 16501
PA. I.D. #82287
(814) 451-6349

Dated: January 20, 2006

**TABLE OF CONTENTS**

TABLE OF CITATIONS ................................................................................................. ii

1.    RELEVANT HISTORY AND PROCEDURE.......................................................................1

2.    CLAIMS COGNIZABLE IN FEDERAL HABEAS PROCEEDINGS ...........................4

3.    EXHAUSTION................................................................................................... 5

4.    PROCEDURAL DEFAULT DOCTRINE ........................................................................7

5..   EXHAUSTION/DEFAULT OF PETITIONER'S CLAIMS ...............................................8

       a.    Fair Presentation ............................................................................... 8
       b.    Proper Presentation to the State Courts ................................................... 8
       c.    Available of PCRA Relief ........................................................................... 9
       d.    Procedural Default .................................................................................... 9
              1.    Cause and Prejudice .................................................................10
              2.    Fundamental Miscarriage of Justice ..........................................10

6.    STANDARD OF REVIEW ................................................................................11

7.    PETITIONER'S CLAIMS.................................................................................12

       1.    Deliberate and nasty delay/deneal of right to bond pending appeal to intensify and lengthen illegal sentence ............................................... 12

       2.    The trial court would not allow the admission of character witness testimony or documents on defendant's behalf ..................................... 13

       3.    The Trial Court gave improper jury instructions ................................... 13

       4.    The conviction at CP 38 of 90, Com v. Bierley, Erie PA was used to greatly enhance the instant sentence ................................................. 14

8.    CONCLUSION...............................................................................................14

**TABLE OF CITATIONS**

Almendarez-Torres v. United States, 523 U.S. 224, 243, 118 S.Ct. 1219, 140
L.Ed. 2d 350 (1997) ......................................................................................................... 14

Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997) ............................................................. 7

Barefoot v. Estelle, 463 U.S. 880 (1983) ........................................................................... 4

Bond v. Fulcomer, 864 F.2d 306, 309 (3d Cir. 1989) ....................................................... 8

Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996) ......................................................... 5, 8

Campbell v. Vaughn, 209 F.3d 280, 289 (3d Cir. 2000) ................................................. 11

Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995) .................................................. 5, 7, 8

Castille v. Peoples, 489 U.S. 346, 351 (1989) ................................................................... 5

Chaussard v. Fulcomer, 816 F.2d 925, 928 (3d Cir.), cert. denied, 484 U.S. 845 (1987) ........... 6, 8

Christy v. Horn, 115 F.3d 201, 206 (3d Cir. 1997) ........................................................... 5

Coleman v. Thompson, 501 U.S. 722, 732 (1991) ................................................... 7, 8, 10

Commonwealth v. Box, 305 Pa. Super. 81, 451 A.2d 252 (1982) ................................... 10

Commonwealth v. Christy, 540 Pa. 192, 656 A.2d 877, cert. denied, 516 U.S. 872, 116
S.Ct. 194 (1995) ................................................................................................................. 9

Commonwealth v. Craddock, 370 Pa. Super. 139, 535 A.2d 1189 (1988), aff'd,
522 Pa. 491, 564 A.2d 151 (1989) ..................................................................................... 9

Commonwealth v. Eaddy, 419 Pa. Super. 48, 614 A.2d 1203 (1992), appeal denied,
534 Pa. 636, 626 A.2d 1155 (1993) .............................................................................. 9, 10

Commonwealth v. Fox, 476 Pa. 476, 383 A.2d 199 (1978) ............................................. 10

Commonwealth v. Lesko, 509 Pa. 67, 501 A.2d 200 (1985), reargument denied,
509 Pa. 625, 506 A.2d 897 (1986), cert. denied, 479 U.S. 1101 (1987) ......................... 10

Commonwealth v. Lyons, 390 Pa. Super. 464, 568 A.2d 1266 (1989), appeal denied,
525 Pa. 663, 583 A.2d 792 (1990) ..................................................................................... 9

Commonwealth v. McGriff, 432 Pa. Super. 467, 638 A.2d 1032 (1994) .......................... 9

Commonwealth v. Stark, 442 Pa. Super. 127, 658 A.2d 816 (1995) ............................... 10

Commonwealth v. Strickland, 306 Pa. Super. 516, 452 A.2d 844 (1982) .................................. 10

Cupp v. Naughton, 414 U.S. 141, 146-47, 94 S.Ct. 396, 400, 38 L.Ed. 368 (1973) ..................... 13

Doctor v. Walters, 96 F.3d 375, 678 (3d Cir. 1996) ......................................................... 5, 6, 7, 8

Duckworth v. Serrano, 454 U.S. 1, 3 (1981) ............................................................................... 6

Duncan v. Henry, 513 U.S. 364 (1995) (*per curiam*) ................................................................ 6

Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (*per curiam*) ...................................................... 8

Engle v. Isaac, 456 U.S. 107 (1982) ...................................................................................... 4, 10

Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1230 (3d Cir. 1992), cert. denied, 506 U.S. 1089 (1993) ........................................................................................ 6

Gerschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied 506 U.S. 977 (1992) ......................... 4

Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986) ....................................................... 6

Glass v. Vaughn, 65 F.3d 13, 15 (3d Cir. 1995), cert. denied, 116 S.Ct. 1027 (1996) ............. 7, 11

Gray v. Netherland, 518 U.S. 152 (1996) ..................................................................................... 7

Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991) ......................................................... 5, 6

Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed. 2d 203 (1977) ........................ 13

Hull v. Freeman, 991 F.2d 86 (3d Cir. 1993) ............................................................................... 8

Johnson v. Mississippi, 486 U.S. 578, 588-89 (1988) .................................................................. 7

Landano v. Rafferty, 970 f.2d 1230, 1240 (3d Cir. 1992) .......................................................... 12

Marshall v. Lonberger, 459 U.S. 422, 433 (1982) ...................................................................... 11

McCleskey v. Zant, 499 U.S. 467, 493 (1991) ....................................................................... 10, 11

Milton v. Wainwright, 407 U.S. 371 (1972) ................................................................................. 4

Murray v. Carrier, 477 U.S. 478, 488 (1986) ............................................................................. 10

O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987) ................................................................ 5

Orban v. Vaughn, 123 F.3d 727 (3d Cir. 1997), cert. denied, 118 S.Ct. 717 (1998) ..................... 6

O'Sullivan v. Boerckel, 526 U.S. 838, 119 (S.Ct. 1728, 1730 (1999) ............................................. 6

Picard v. Connor, 404 U.S. 270, 275 (1971) ......................................................................................5

Polsky v. Patton, 890 F.2d 647, 650 (3d Cir. 1989) .........................................................................13

Preiser v. Rodriguez, 411 U.S. 475, 491 (1973) ................................................................................5

Rose v. Lundy, 455 U.S. 509, 518 (1982) 28 U.S.C. §2254(a) .........................................................4

Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989) ...........................................................................5

Schlup v. Delo, 115 S.Ct. at 868 ......................................................................................................11

Sistrunk v. Vaughn, 96 F.3d 666, 678 (3d Cir. 1996) ........................................................................7

Smith v. Phillips, 455 U.S. 209 (1982) ..............................................................................................4

Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994) ................................................................................5

United States ex rel Dorey v. New Jersey, 560 F.2d 584, 587 (3d Cir. 1977) ................................13

United States ex rel Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978) .......................................13

Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991), cert. denied 505 U.S. 1223 (1992) ........................4

Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000) ......................................................................11, 12

Wojtczak v. Fulcomer, 800 F.2d 353 (3d Cir. 1986) .........................................................................5

Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991) ....................4

**STATUTES**

28 U.S.C. §2254 ................................................................................................................................11

28 U.S.C. §2254(a) .............................................................................................................................4

28 U.S.C. §2254(b) ............................................................................................................................ 5

28 U.S.C. §2254(d)(1) ................................................................................................................11, 12

28 U.S.C. §2254(e) ...........................................................................................................................11

42 Pa. C.S.A. §9541 et. seq. ..............................................................................................................7

42 Pa. Cons. Stat. §9543(a)(3) ................................................................................................. 9

Pa.R.Crim.P. Rule 521(B)(1) ................................................................................................12

1.  **RELEVANT HISTORY AND PROCEDURE**

This case arises from an incident occurring on April 2, 2003. The petitioner was a spectator in the courtroom of Judge William Cunningham of the Erie County Court of Common Pleas. As a court proceeding was ending, the petitioner said in a loud voice, "this is bullshit!" "this is fucking bullshit!" Deputy Sheriffs asked the petitioner several times to be quiet and to leave the courtroom. The petitioner refused and loudly asked why he had to leave. After the third request, the deputies attempted to handcuff the petitioner and arrest him for disorderly conduct. The petitioner moved away from the deputies and waved arms to avoid being handcuffed. The deputies eventually get the petitioner hand-cuffed and start to lead him out of the courtroom. The petitioner then began to complain about his treatment loudly, yelling he was in pain. The petitioner's actions were disruptive enough to draw the attention of over ten persons in the courtroom as well as hallway and nearby courtrooms.

A criminal complaint was filed on April 24, 2003. On June 19, 2003, a criminal information was filed charging the defendant with one count of Disorderly Conduct and one count of Resisting Arrest. The petitioner filed numerous pre – trial motions, including a petition to the Supreme Court of Pennsylvania for Extraordinary Relief all of which were denied. Prior to trial, the defendant filed a motion for relief from judgment due to fraud. This was denied on August 12, 2004. The defendant filed a pro-se notice of appeal from the August 12, 2004 order. Notwithstanding this, the case proceeded to a jury trial on September 13-14, 2004. The petitioner represented himself at trial with standby counsel. At the close of the Commonwealth's case, upon motion of the petitioner, a judgment of acquittal was granted as to the resisting arrest count. The trial court than instructed the jury on the elements of Disorderly Conduct, including the "public" element. The court then instructed the jury, over objection of the defendant that a courtroom would be a public place if it were not closed. On September 14, 2004, the jury found the defendant guilty of Disorderly Conduct. On October 7, 2004, the Defendant filed a petition

1

for habeas corpus with the Pennsylvania Superior Court, which was denied on October 15, 2004.  On November 24, 2004, the defendant was sentenced to serve two to eleven months of incarceration.  The defendant filed post sentence motions, which were denied by the trial court.  On December 8, 2004 the defendant filed a motion in the Superior Court of Pennsylvania to Stay, which was denied on December 14, 2004.  On January 10, 2005, the defendant filed a counseled appeal raising two issues.

1. "Did the lower court abuse its discretion and error as a matter of law by including in jury instructions on disorderly conduct a definition of courtroom as a public place, thereby usurping the jury's role as fact finder."

2. "Was the evidence presented to the jury insufficient as a matter of law to support a finding of guilt in that it did not show that appellant caused or created a risk of public annoyance, inconvenience or alarm through making unreasonable noise or by using obscene language and was the verdict against the weight of the evidence."

This appeal was docketed at 78 WDA 2005 and was consolidated by the Superior Court with his pro-se appeal of the motion to dismiss for fraud docketed at 1519 WDA 2004.  On August 18, 2005, the Superior Court denied the petitioners request for habeas corpus.  On August 27, 2005, the petitioner filed a motion for Reconsideration of the denial of habeas corpus, which was denied by the Superior Court on September 9, 2005.  On September 22, the petitioner filed a Motion to Vacate the September 9, 2005 Order denying reconsideration.  On September 22, 2005, the Superior Court denied the petitioners consolidated appeal at 1519 WDA 2004 and 78 WDA 2005.  On October 3, 2005 the Superior Court denied the petitioner's motion to vacate.  On October 7, 2005, the petitioner filed a Writ of Habeas Corpus at 1519 WDA 2004 with the Supreme Court of Pennsylvania.  On October 7, 2005 the Supreme Court of Pennsylvania returned his papers and informed petitioner the Writ of Habeas Corpus was not a substitute for seeking further review.  On October 25, 2005, the petitioner filed a Petition for Allowance of

Appeal and Writ of Habeas Corpus with the Supreme Court of Pennsylvania challenging the Superior Court's decision at 1519 WDA 2004 and 78 WDA of 2005 and the October 3, 2005 order denying the Motion to Vacate. The Supreme Court Docketed the Petition for Allowance of Appeal at 579 and 580 WAL 2005 and as of this date, the matters are still pending. On October 13, 2005, the petitioner's parole at this number was revoked and the defendant was re-committed. On November 14, 2005, the petitioner filed a notice of appeal challenging the parole revocation and re-commitment which has been docketed at 2029 WDA 2005.

This Honorable Court issued a Rule and order on October 13, 2005 regarding this Petition for Habeas Corpus that was received by the Commonwealth on November 14, 2005. The Commonwealth filed a motion to extend time to respond due to the lack of record despite timely request. It has now been learned the record is not in the possession of the Erie County Clerk of Courts, but rather with the Superior Court of Pennsylvania and currently unavailable to the Commonwealth.

The Commonwealth finds identifying the issues in the convoluted petition difficult, but believes petitioner raises the following,

   1. "Deliberate and nasty delay/deneal of right to bond pending appeal to intensify and lengthen illegal sentence."

   2. "The trial court would not allow the admission of character witness testimony or documents on defendant's behalf."

   3. "The trial court gave improper jury instructions."

   4. "The conviction at CP 38 of 90, Com v Bierley, Erie, PA was used to greatly enhance the instant sentence."

It is even more difficult to determine based on the petitioner's claims whether he is in custody in violation of federal law or the United States Constitution. All that is provided in an incoherent rambling of alleged violations including, The First Amendment Right to Free Speech,

3

Practice Religion, Viable Court Access, and Speak Out Against Criminally Corrupt Court Officials.  Petitioner also claims violations of the Fourth, Fifth, Sixth and Fourteenth Amendments Rights to Procedural and Substantial Due Process of Law, Equal Rights, Equal Protection of the Law, Right to Neutral, Detached and Unbiased Jurist who has honor, integrity and morality and more and Eighth Amendment Right to Bail.  Petitioner also claims violations of 18 U.S.C. 241 Conspiracy Against Rights and 18 U.S.C. 242, Deprivation of Rights Under the Color of Law.  Petitioner also claims violations of P.R.Ev 201 Judicial Notice, P.R. Ev 803, Excited Utterance and 18:9112, Fingerprinting.

**2.      CLAIMS COGNIZABLE IN FEDERAL HABEAS PROCEEDINGS**

A state prisoner may seek federal habeas corpus relief only if he is in custody in violation of the United States Constitution or federal law. 28 U.S.C. §2254(a).  Smith v. Phillips, 455 U.S. 209 (1982); Gerschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991).  Violations of state law or procedural rules alone are not sufficient; a petitioner must allege a deprivation of federal rights before habeas relief may be granted.  Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991), cert. denied.505 U.S. 1223 (1992).  A federal court's scope of review is limited as it does not sit to retry state cases *de novo* but examines the proceedings in the state court to determine if there has been a violation of federal constitutional standards.  Barefoot v. Estelle, 463 U.S. 880 (1983); Milton v. Wainwright, 407 U.S. 371 (1972).  A habeas petitioner must show that the state court's decision was such a gross abuse of discretion that it was unconstitutional; "ordinary" error is outside the scope of § 2254.

3.     **EXHAUSTION**

Before a federal court addresses the merits of a state prisoner's claims, constitutional and federal law issues first must have been fairly presented to the state courts through direct appeal, collateral review, state habeas corpus proceedings, mandamus proceedings, or other available procedures for judicial review.  See e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971); Doctor v. Walters, 96 F.3d 375, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996).  28 U.S.C. § 2254(b) requires a state prisoner to exhaust all available state court remedies before seeking federal relief.  This exhaustion requirement serves to protect the interest of comity, which ensures that the state courts have the first opportunity to address and correct violations of state prisoners' federal rights.  Rose v. Lundy, 455 U.S. 509, 518 (1982); Preiser v. Rodriguez, 411 U.S. 475, 491 (1973).  Generally, in order to satisfy the exhaustion requirement, "a state prisoner seeking federal habeas relief must present each of his claims to the state's highest court."  Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994).  See also Wojtczak v. Fulcomer, 800 F.2d 353 (3d Cir. 1986).  The petitioner has the burden of establishing that exhaustion has been met.  Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state prisoner's claims prior to exhaustion when no appropriate state remedy exists. Christy v. Horn, 115 F.3d 201, 206 (3d Cir. 1997); Doctor, 96 F.3d at 681; Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995).  A petitioner shall not be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure.  28 U.S.C. § 2254(c). Federal courts may entertain the merits of a petition for habeas corpus where state remedies have not been exhausted "when no appropriate remedy exists at the state level or when the state process would frustrate the use of an available remedy."  Story, 26 f.3d at 405; Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991).  If the "petitioner has no opportunity to obtain

5

redress in state court or where the state corrective process is so defective as to render any effort to obtain relief futile," exhaustion is not required. Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986) citing Duckworth v. Serrano, 454 U.S. 1, 3 (1981). See also Hankins, 941 F.2d at 249-250 (exhaustion is excused if state process offers no hope of relief).

This Court's initial inquiry regarding the exhaustion requirement is whether a petitioner has "fairly presented" his federal claims to the state courts. To meet the fair presentation criterion, the same factual and legal basis for a claim must be presented to the state court to allow the state a reasonable opportunity to address the claim and correct any violation of federal rights. Duncan v. Henry, 513 U.S. 364 (1995)(*per curiam*). "Fair presentation requires that, before a particular claim may be asserted in federal court, the same method of analysis must have been made available to the state court." Chaussard v. Fulcomer, 816 F.2d 925, 928 (3d Cir.), cert. denied, 484 U.S. 845 (1987). The exhaustion requirement further requires a petitioner to properly present his claims to the requisite state courts. A petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court before exhaustion will be considered satisfied. O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1730 (1999) ("…the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas [corpus] petition."); Orban v. Vaughn, 123 F.3d 727 (3d Cir. 1997), cert. denied, 118 S.Ct. 717 (1998); Doctor, 96 F.3d at 678; Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1230 (3d Cir. 1992), cert. denied, 506 U.S. 1089 (1993).

The petitioner currently has a pending petition for allocatur in the Supreme Court of Pennsylvania in this case. Since the appeal is pending, the Commonwealth has no access to the record in this matter. A review of the briefs defendant submitted to the Pennsylvania Superior Court on direct appeal, however, make clear that he asserted no claims for a violation of his federal constitutional rights. Federal habeas relief is not available to those who have not

6

presented their federal claims, first, in state court. Although petitioner apparently did not raise any federal questions on appeal, he still has the ability to raise such issues in a Post Conviction Relief Act (PCRA) petition. See. 42 Pa. C.S.A. § 9541 et.seq.

### 4. PROCEDURAL DEFAULT DOCTRINE

In addition, a federal court may be precluded from reviewing claims under the procedural default doctrine. Gray v. Netherland, 518 U.S. 152 (1996); Coleman v. Thompson, 501 U.S. 722, 732 (1991); Doctor, 96 F.3d at 678; Sistrunk v. Vaughn, 96 F.3d 666, 678 (3d Cir. 1996). Like the exhaustion requirement, the procedural default doctrine was developed to promote our dual judicial system; it is based upon the "independent and adequate state ground" doctrine, which dictates that federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law that is "independent" of the federal question and "adequate" to support the judgment. Coleman, 501 U.S. at 750.

A state's procedural rules are entitled to deference by federal courts and a petitioner's violation of a state procedural rule may constitute an independent and adequate state ground for denial of federal review of habeas claims. Id.; Sistrunk, 96 F.3d at 673. In order to prevent federal habeas corpus review under the procedural default doctrine, a state procedural rule must be "consistently or regularly applied." Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997)(quoting Johnson v. Mississippi, 486 U.S. 578, 588-89 (1988)). Moreover, violations of a state's procedural rules may constitute an independent and adequate state ground sufficient to invoke the procedural default doctrine even where no state court has concluded that a petitioner is procedurally barred from raising his claims. Glass v. Vaughn, 65 F.3d 13, 15 (3d Cir. 1995), cert. denied, 116 S.Ct. 1027 (1996); Carter, 62 F.3d at 595. Federal habeas review is not available to a petitioner whose constitutional claims have not been addressed on the merits due to procedural default unless a petitioner can demonstrate: 1) cause for the default and actual

7

prejudice as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750; Carter, 62 F.3d at 595.

### 5. EXHAUSTION/DEFAULT OF PETITIONER'S CLAIMS

#### a. "Fair Presentation"

The Court's initial inquiry regarding the exhaustion requirement is whether Petitioner "fairly presented" his federal claims to the state courts. To meet the fair presentation criterion, the same factual and legal bases for a claim must be presented to the state court to allow the state a reasonable opportunity to address the claim and correct any violation of federal rights. Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (*per curiam*). "Fair presentation requires that, before a particular claim may be asserted in federal court, the same method of analysis must have been made available to the state court." Chaussard v. Fulcomer, 816 F.2d 925, 928 (3d Cir.), cert. denied, 484 U.S. 845 (1987).

#### b. Proper Presentation to the State Courts

The second criterion of the exhaustion requirement requires a petitioner to present his claims to the requisite state courts. A petitioner must present every claim raised in the federal petition to each level of the state courts to afford each level of the state courts a fair opportunity to address the claim. Doctor, 96 F.3d at 678; Burkett, 89 F.3d at 141; Hull v. Freeman, 991 F.2d 86 (3d Cir. 1993). Exhaustion does not require that the highest court rule on the merits of a petitioner's claims; it does, however, require that the court be given the opportunity to review them. Burkett, 89 F.3d at 141; Bond v. Fulcomer, 864 F.2d 306, 309 (3d Cir. 1989).

Notwithstanding, federal courts may entertain the merits of a habeas petition when no appropriate state remedy exists for unexhausted claims. This Court must determine whether Petitioner has an available state remedy under the PCRA for his unexhausted claims. Claims

8

cognizable under the PCRA are not exhausted; claims precluded under the PCRA are exhausted (but may be procedurally barred).

### c. Available of PCRA Relief

Under the PCRA, a petitioner may obtain relief if he pleads and proves that his conviction resulted from certain infringements of his rights, including a violation of the Constitution of the United States. The PCRA limits the types of claims that are cognizable and the petitioner bears the burden of demonstrating eligibility for relief. Commonwealth v. Christy, 540 Pa. 192, 656 A.2d 877, cert. denied, 516 U.S. 872, 116 S.Ct. 194 (1995). Before a petitioner is eligible for PCRA relief, however, he must establish that his claims have not been "previously litigated" or "waived." 42 Pa. Cons. Stat. § 9543(a)(3). Under the PCRA, a matter has been "previously litigated" if: 1) the highest appellate court in which the petitioner could have review as a matter of right has ruled on the merits of the issue; or 2) the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. 42 Pa. Cons. Stat. § 9455(a). Claims are "waived" if they could have been raised and were not before trial, at trial or on direct appeal, and the failure to do so was not the result of trail strategy. Id.

### d. Procedural Default

Where Petitioner has technically "exhausted" his claims, failure to present them to the Pennsylvania appellate courts through direct and collateral review results in procedural default of them. Absent extraordinary circumstances, post-conviction claims are waived if they could have been raised on direct appeal. Commonwealth v. McGriff, 432 Pa. Super. 467, 638 A.2d 1032 (1994); Commonwealth v. Eaddy, 419 Pa. Super. 48, 614 A.2d 1203 (1992), appeal denied, 534 Pa. 636, 626 A.2d 1155 (1993); Commonwealth v. Lyons, 390 Pa. Super. 464, 568 A.2d 1266 (1989), appeal denied, 525 Pa. 663, 583 A.2d 792 (1990); Commonwealth v. Craddock, 370 Pa. Super. 139, 535 A.2d 1189 (1988), aff'd, 522 Pa. 491, 564 A.2d 151 (1989). This waiver applies even when a first time post-conviction petitioner fails to obtain direct appellate review of the

9

conviction. Commonwealth v. Stark, 442 Pa. Super. 127, 658 A.2d 816 (1995); Eaddy, 614 A.2d at 1208.

Notwithstanding, Pennsylvania law recognizes an exception to the waiver rule if a strong *prima facie* showing is offered that a miscarriage of justice may have occurred or if extraordinary circumstances prevented Petitioner from raising the issues on direct appeal. Commonwealth v. Lesko, 509 Pa. 67, 501 A.2d 200 (1985), reargument denied, 509 Pa. 625, 506 A.2d 897 (1986), cert. denied, 479 U.S. 1101 (1987); Commonwealth v. Box, 305 Pa. Super. 81, 451 A.2d 252 (1982). Petitioner bears the burden of demonstrating the existence of extraordinary circumstances sufficient to justify exception to waiver. Commonwealth v. Fox, 476 Pa. 476, 383 A.2d 199 (1978); Commonwealth v. Strickland, 306 Pa. Super. 516, 452 A.2d 844 (1982).

### 1.    Cause and Prejudice

To satisfy the cause standard, Petitioner must demonstrate that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. McCleskey v. Zant, 499 U.S. 467, 493 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986). Neither a deliberate strategic decision nor an inadvertent failure of counsel to raise an issue constitutes "cause" unless counsel's performance failed to meet the Sixth Amendment standard for competent assistance. Engle v. Isaac, 456 U.S. 107 (1982); Carrier, 477 U.S. at 485-87.

### 2.    Fundamental Miscarriage of Justice

Where a Petitioner cannot demonstrate the necessary "cause" and "prejudice," this Court may still review claims if Petitioner can show that a "fundamental miscarriage of justice would result from a failure to entertain the claim." McCleskey, 499 U.S. at 495. This Court may use its discretion to correct a fundamental miscarriage of justice if it appears that a "constitutional violation probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S.

10

at 496.  See also Coleman, 501 U.S. at 748; McCleskey, 499 U.S. at 502.  Under the "miscarriage of justice" standard, a petitioner must present new evidence of innocence and persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Schlup v. Delo, 115 S.Ct. at 868; Glass, 65 F.3d at 13.  This is a stronger showing than is required to establish prejudice and is found only in a truly "extraordinary" case.  Schlup, 115 S.Ct. at 864.  Petitioner fails to allege the existence of any new evidence to support a claim of actual innocence.

6. **STANDARD OF REVIEW**

Section 2254 of the federal habeas corpus statute provides the standard of review for federal court review of state court criminal determinations.  28 U.S.C. § 2254.  Specifically, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e).  Where a state court's factual findings are not made explicit, a federal court's "duty is to begin with the [state] court's legal conclusion and reason backward to the factual premises that, as a matter of reason and logic, must have undergirded it."  Campbell v. Vaughn, 209 F.3d 280, 289 (3d Cir. 2000).  In determining what implicit factual findings a state court made in reaching a conclusion, a federal court must infer that the state court applied federal law correctly.  Id. (citing Marshall v. Lonberger, 459 U.S. 422, 433 (1982)).

Moreover, a federal court may not issue the great writ unless it concludes that the state court's adjudication resulted in a decision that was "contrary to," or an "unreasonable application of," clearly established federal law as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1). In Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000), the United States Supreme Court discussed the independent meanings of the "contrary to" and "unreasonable application" clauses contained within § 2254(d)(1).

11

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 120 S.Ct. at 1523 (O'Connor, J. concurring).

The Supreme Court further clarified that a federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. Id. At 1521. "Under §2254(d)(1)'s unreasonable application clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. At 1522.

### 7. PETITIONER'S CLAIMS

#### 1. Deliberate and nasty delay/deneal of right to bond pending appeal to intensify and lengthen illegal sentence.

The petitioner's haphazardly drafted petition seemingly claims his Eighth Amendment Right to Bail was violated when he was denied bond pending appeal. Unfortunately for the petitioner, there is no federal right to bail pending appeal of a state conviction. Landano v. Rafferty, 970 F.2d 1230, 1240 (3d. Cir. 1992). This appears to be an issue grounded in state law as the petitioner further claims he has a statutory right to bail pending appeal, an obvious reference to Rule 521(b) of the Pennsylvania Rules of Criminal Procedure, which governs bail after a finding sentencing. See. Pa.R.Crim.P. Rule 521(B)(1). Since there is no federal right to bail pending appeal for a state court conviction, and the issue is a matter of state law, this claim must fail.

12

### 2.     The trial court would not allow the admission of character witness testimony or documents on defendant's behalf.

Generally, questions concerning the admission of evidence in state proceedings are not subject to federal habeas review unless there was an error of such magnitude that the defendant was denied fundamental fairness in the proceedings. <u>United States ex rel Hickey v. Jeffes</u>, 571 F.2d 762, 766 (3d. Cir.1978). The petition contains no factual averments the trial court's action violated federal law. The defendant makes an over arching allegation he was denied Due Process, but fails to say how this specifically occurred in this claim. In conjunction with his general claim, petitioner makes an overarching allegation of Due Process violations. A review of the record cannot be completed at this time to scrutinize the trial court's action as the petitioner still has a petition pending before the Supreme Court of Pennsylvania. Further it is impossible to determine whether the petitioner has properly presented his federal claims in the state court first as required. Obviously, the pending petition indicates the defendant has not exhausted his state remedies.

### 3.     The Trial Court gave improper jury instructions.

Claims of erroneous jury instructions do not generally form the basis for habeas relief. <u>United States ex rel Dorey v. New Jersey</u>, 560 F.2d 584, 587 (3d Cir.1977). Challenges to instructions are not cognizable on collateral review unless the disputed instruction so infected the entire trial that the resulting conviction violates due process. <u>Polsky v. Patton</u>, 890 F.2d 647, 650 (3d. Cir.1989)(quoting <u>Cupp v. Naughton</u>, 414 U.S. 141, 146-47, 94 S.Ct. 396, 400, 38 L.Ed 368 (1973). The burden of demonstrating that an erroneous instruction was so prejudicial that it supports collateral attack is weightier than that necessary to establish plain error on direct appeal. <u>Henderson v. Kibbe</u> 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed. 2d 203 (1977). The petition is lacking in establishing any facts that show the jury instructions somehow violated due process. It is impossible to review the record in this matter. A review of the record cannot be completed

at this time to scrutinize the trial court's action as the petitioner still has a petition pending before the Supreme Court of Pennsylvania. Further it is impossible to determine whether the petitioner has properly presented his federal claims in the state court first as required. Obviously, the pending petition indicates the defendant has not exhausted his state remedies.

### 4. The conviction at CP 38 of 90, Com v Bierley, Erie PA was used to greatly enhance the instant sentence.

The Commonwealth can find no federal basis for relief when a prior conviction is used to "greatly enhance" a sentence. In fact, using prior convictions to enhance a sentence is a traditional method for enhancing a sentence. See. Almendarez-Torres v. United States, 523 U.S. 224, 243, 118 S.Ct. 1219, 140 L.Ed. 2d 350 (1997). Since the defendant cannot show a federal basis for relief, this claim must be denied.

### 8. CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Commonwealth respectfully requests this Honorable Court enter an Order dismissing this petition.

Respectfully submitted,

S/Roger M. Bauer
Roger M. Bauer, Esq.
Assistant District Attorney