IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY L. BIERLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-363E |
| ) | JUDGE McLAUGHLIN |
| WARDEN JAMES VESHECCO, ) | CHIEF MAGISTRATE JUDGE BAXTER |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be dismissed as moot, and that a certificate of appealability be denied.

**II.   REPORT**

Petitioner Harry Bierley interrupted state court proceedings with a profanity-laced tirade on April 2, 2003.  He was later charged with Disorderly Conduct and Resisting Arrest, and was ultimately acquitted of Resisting Arrest.  A jury convicted petitioner of Disorderly Conduct on September 14, 2004, and he was sentenced on November 24, 2004, to 2 to 11 months incarceration.  Petitioner filed a direct appeal which was ultimately consolidated with a pre-trial appeal he filed seeking to dismiss his case for fraud.  While these appeals were pending, petitioner was paroled from his sentence, but then re-committed on October 13, 2005, for violating parole.  Petitioner was discharged from state custody on March 27, 2006, at the expiration of his maximum term.  The Pennsylvania Supreme Court denied both of petitioner's appeals on June 22, 2006, completing the direct appeal process in state court.

Petitioner filed the instant petition for writ of habeas corpus on December 14, 2004 (less than two months following his sentencing).  He recites at length his version of events at the time he disrupted state court proceedings, and alleges that there was a "compact to make big trouble for Harry L. Bierley" (Department of Corrections. No. 1).  At the time this petition was filed, petitioner's state court appeals were still pending, and the exhaustion requirement had not yet

been satisfied. The Commonwealth first responded to the instant petition on January 20, 2006 (Department of Corrections. No. 19), noting that the state court record was then in the possession of the Pennsylvania appellate courts. The Commonwealth filed an additional response on August 14, 2006, noting that the state court record had been returned to the Court of Common Pleas of Erie County on August 3, 2006, after state court appeals concluded in June, 2006 (Doc. No. 23). The petition is now ripe for disposition, and should be dismissed as moot.

### A.   Mootness Doctrine

A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). The writ supplies the mechanism by which prisoners may challenge the length of their custodial term. Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). The remedy is to free an inmate from unlawful custody.

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982). The general principle derives from the case or controversy requirement of Article III of the U.S. Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp. 494 U.S. 472, 477-78 (1990). In other words, "throughout the litigation, the plaintiff must have suffered, or be

threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477.  See also Spencer v. Kemna, 523 U.S. 1 (1998); Maleng v. Cook, 490 U.S. 488, 491-492 (1989) (habeas petitioner does not remain "in custody" under conviction after the sentence imposed has fully expired merely because of possibility that prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); United States v. Romera-Vilca, 850 F.2d 177, 179 (3d Cir. 1988) (prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction).

The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand.  See Carafas v. LaVallee, 391 U.S. 234 (1968).  It is Petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot.  Spencer, 523 U.S. at 7.

Petitioner Bierley has been released from custody upon the expiration of his sentence. Indeed, Bierley's release occurred while his direct appeal was pending before the state courts. Hence, no live controversy remains.  Petitioner cannot establish collateral consequences from his conviction for disorderly conduct, and this petition should be dismissed as moot.

### B. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong ..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir.2001) quoting Slack v. McDaniel, 529 U.S. 473, 484, (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that

a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10 Cir.2001).  Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.  Because Petitioner's claim is moot, a certificate of appealability should be denied.

### III.   CONCLUSION

Because Petitioner's claim is now moot, this Court recommends that this Petition for Writ of Habeas Corpus be dismissed. A certificate of appealability should be denied.

In accordance with the Magistrate Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


  /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: August 16, 2006