FILED

'06 SEP 25 P3:04

CLERK

| | | |
|---|---|---|
| Harry L. Bierley, | : | The United States District Court |
| Petitioner | : | Western District of Pennsylvania |
| V | : | Civil Action No. 04-363E |
| Warden James Veschecco, et al., | : | Judge Sean McLaughlin |
| Respondents | : | M.J. Susan Paradise-Baxter |

Motion for Reconsideration,
or, alternatively,
Motion for Certificate of Appeal

ORIGINAL

And now, on September 25, 2006, comes the pro se petitioner, Harry L. Bierley, before the Honorable Court to present the above captioned pleadings. Petitioner does here and now and by direct reference thereto, incorporate ALL of the original objections of September 5, 2006 as part of this pleading.

1. Per the R+R erroneously adopted by this Court on September 6, 2006:
"The case or controversy requirement subsists through ALL stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis V Continental Bank Corp. 494 U.S. 472, 477-78 (1990).

In other words, "throughout the litigation, the plaintiff must have suffered or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable decision." Id @ 477. See also ..., United States V Romera-Villa, 850 F2d 177, 179 (3rdCir1988)(prisoner's motion to vacate his conviction was not moot when he was released from custody, where he faced potential deportation as a collateral consequence of conviction.)

The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand. See Carafas V LaVallee, 391 U.S. 234 (1968) ... .
... (a) certificate of appealibility may issue ... only if the applicant has made a substantial showing of the denial of some constitutional right.

2. Petitioner avers, that, he has previously and plainly demonstrated, that, ALL of the foregoing statements from the R+R have been erroneously applied against him, when, infact, they ALL militate in his favor.

3. The petition is NOT moot, because, Bierley faces fines and incarceration for contempt of court, loss of his driver's license, social security benefits, and an arrest warrant, as, (a.) I cannot afford to pay the $1445.55 costs and

fines demanded, (b) these demands are in direct contravention of PaRCrimP 521 (B)(1) which gives be unfettered rights to bond pending appeal of which fines and costs are a part, (c) the matter of direct appeal to the U.S. Supreme Court will be done as soon as possible after this matter per the July 31, 2006 denial of reconsideration by PA Supreme Court, (d) the petitioner's scruples do NOT allow him to cave into extortion, and (e) the letters of 8/16/06 and 9/18/06 do NOT even have a validating signature on them, because, Clerk Robert J. Catalde will NOT participate in what he knows IS CRIMINAL FRAUD on CP 1133 of 03.

   4. In my originalobjections hereto, I forgot to include the fact, that,$27.24 of the $100 per month Social Security payback that I was coerced into is for two months Social Security Payments deducted and added to the original aprox. balance of $5918.66. ($5918.66 + 2215.17=$8133.33).

   I was criminally coerced into the $100/month payback, when, the U.S.A.C. @ Nos. 05-3827 and 05-5486 cooperated with Mafia Agent/Chief County Detective Larry Dombrowski to conceal the evidence I needed to prove my case. At U.S.D.C. 05-7E , M.J. Baxter, J McLaughlin, and Comm. Barnhart initially wrongfully denied me the medical reporton my alleged victim and the police report for CP 38 of 90. Indubitively, those reports will prove, that, at CP 38 of 90, Erie Co., PA, Com V Bierley, the "conviction" was obtained with the known use of perjury by the "court", D.A. and A.D.A.  Exposure would have shown that the nearly 4½ years imprisonment at CP 38 of 90 was totally illegal, and, therefore, I was rightfully owed payment for the time period being recovered.

   5. At sentencing on CP 1133 of 03, the instant matter, a criminal conspiracy was engaged in by the "court", A.D.A., and the useless P.D.  A. H.Weinraub to illegally imprison me in DIRECT VIOLATION of PaRCrimP 521 (B)(1). At Sentence Tx L1 13-25, the "court" plainly said that I had a right to bond pending appeals, I knew that to be fact, and, I PLAINLY SAID, I WOULD LIKE THAT. Nonetheless, I was taken to prison. PaRCrimP 521 (B)(1) is NOT discretionary as written.
      Rule 521.  BAIL AFTER FINDING OF GUILT
         (B) After Sentencing:
         (1) When the sentence imposed includes imprisonment of less than
         2 years, the defendant shall have the same right to bail as before
         verdict, unless the judge, pursuant to paragraph (D), modifies the
         bail order.
         (D) Modification of bail order after verdict or after sentencing
         (1) When a defendant is eligible for release on bail after sentenc-
         ing pursuant to this rule, the existing bail order may be modified
         by a judge of the court of common pleas, upon the judge's own motion
         or upon motion of counsel for either party with notice to opposing
         counsel, in open court on the record when all parties are present.
   Part D was violated when the "court" modified bail on Dec. 20, 2004 and neither I nor the insusient P.D. were present.  I was in jail.

   Then, there is still the matter of remuneration at the rate of $5000/day for the 54 (fifty four) days I was illegally imprisoned.  Imprisonment thus far is illegal even if the U.S.S.C. does NOT overturn the "conviction."

   6. My due process of law rights per U.S.Const. Amendments 1, 4, 5, 6, and 14 were annihilated by the malign court throughout the entire ordeal.

-2-

My rights to NOT be charged for a crime in an incident that NEVER happened were grievously violated, as, per J Cunningham, he heard nothing, saw nothing, and knew nothing about the alleged incident, yet, the information says he was just preparing to leave the bench. (Trial Tx Day one, Pp 262 = 263). Then, it is plain that the information is in mortal error. My U.S. Const. Amend 6 rights to a jury trial were violated, when, the "court" refused to allow me to still call Mr. Cunningham to testify per my subpoena. I wanted to ask him to describe a public place and state that 18:5503 requires an act in a public place. That alone might have easily convinced the jury that I was NOT guilty of a crime.

7. My U.S.Const.Amend. one rights to free speech and to NOT suffer criminal defamation for speech that is/was merely contemporaneous were violated. Per Com V Kelly, 758 A2d 1284, the PA Superior Court adjudged those same words to be merely contemporaneous speech. Per U.S. V McDermott, 971 F Supp 939, U.S.D.C. of Eastern District of PA, had I actually used coarse and vulgar language, even in a public place which a courtroom is not, it was NOT chargeable as a criminal act. Furthermore, in Norwell V Cincinnati, 414 U.S. 14, 38 L Ed2d 170, 94 S Ct 187 (1973) the U.S. Supreme Court stated that I cannot be denied my right to strongly express disatisfaction when I saw misconduct by J Cunningham.

8. My due process of law Constitutional Right to NOT be charged with a crime when the elements of the incident do NOT meet the elements of the statute was violated when I was charged with violating 18:5503, DISORDERLY CONDUCT:
> (a) Offense defined.-A person is guilty of disorderly conduct, if with intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, he:
> (1) engages in fighting or threatening, or in violent or tumultous behavior;
> (2) makes unreasonable noise;
> (3) uses obscene language, or makes an obscene gesture; or
> (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.
> (b) ...
> (c) Definition--As used in this section the word "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public.

Per item 11 of the original objections, A COURTHOUSE IS NOT A PUBLIC PLACE. One cannot hold a political rally, a union rally, a religious rally there, and members of the general public passing by outside are NOT likely to be affected. Per the U.S. Supreme Court in Gooding V Wilson, 405 U.S. 518, 92, S.Ct 1103, 31 L.Ed.2d 408(1972) the words said must do more than merely offend or cause anger and indignation even when said in a public place.

Part (c) is unconstitutional because it includes schools, prisons, and apartment houses where it is not likely for a large segemnt of the public in general to be found and 'any premises which are open to the public' are unconstitutional because public buildings such as a courthouse are NOT public forums unless especially designated as such. See Sammartino V First District Court, in and for County of Carson City, 303 F3d 959 @ 969-970 and Selick V Gardner,

<u>164 F3d 370, 372 (7thCir1998) and Kelly V Municipal Court of Marion County, S.D. Ind. 1994, 825 F.Supp 724, Aff'd 97 F3d 902</u> Const. Law 90.1(4) inter alia.

9. My first amendment rights to free speech have been violate in Erie County since 1986 with calloused play upon the fact that I have physical speech problems that often cause my voice to be loud and/or very rough. That problem of speech has existed for me for almost my whole life, and, only malicious court members in Erie County have ever been the ones to try to make me look psychotic because of it. I am NOT psuchotic, but, the constant terrorizing, tormenting, torturing, and tyrannizing of me with illegal criminal prosecutions could succeed in driving me berserk if they are not made to stop.

Since January 1986, I have suffered the following prosecutions and convictions AND none of them were legal from the getgo:
   (a.) at CP 282 of 86, I was prosecuted for felony assault and convicted of an M-3 of Consentual Assault, after, a cop who had been lied to by OCY agents busted into my residence without an arrest warrant, search warrant, or cause to believe what they sought was herein and struck me on a painfully sore jaw insighting me to instinctively fight back.
   (b.) At Cp 38 of 90, the item discussed in four above, I suffered illegal prosecution for a felony with "conviction' gained by known use of perjury by the "court" D.A. and A.D.A.
   (c.) two weeks before the maximum date of imprisonment on CP 38 of 90, It was made to look as if I assaulted a prison guard when I attempted to resist a TB shot when I felt ill. With absolute NO REGARD for the fact that I was imprisoned illegally wothout a valid sworn affidavit or valid arrest warrant, I was beaten and jackbooted nearly to death with my hands and feet tied securely together behind my back. Then, I was charged with felony assault on a prison guard and "convicted" of simple assault.
   (d.) Since then, in Erie, I have been charged five summary offense disorderly conduct offenses without affidavits sworn to by anyone with personal knowledge and without the incident being in a public place similar to the instant matter of CP 1133 of 03.
   (e.) I have been illegally prosecuted for five property code violations in direct violation of 53 P.S. 36017 requirements with "convictions".
   f. Then I suffered the instant illegal prosecution at CP 1133 of 03 with "conviction" obtained with massive violations of PaRCrimP rules
G  (f.) Last summer I suffered an illicit summary prosecution for an act done in my own home, and the cop did NOT even state when or where it happened. At trial, my rights to Double jeopardy were coldly violated and a second illicit "trial" held whereat I was "convicted". That one was overturned after I spent $500 for a lawyer. That same lawyer refuses to help me get remuneration for the 16 days of imprisonment I endured.

10. All of the prosecutions in nine above were illegal just as the instant matter, and, if the federal court does NOT overtutn this one, there is certain to be a lot more of them, and, I WILL be imprisoned for not paying fines and costs even though they are not yet due per PaRCrimP521.

11. Many other structural violations of PaRCrimP rules and the Crime Code have occurred in the instant matter.

   18 PaCS 2901 Kidnapping.
   (a) Offense defined- A person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from

the place where he is found, or if he unlawfully confines another
for a substantial period in a place of isolation, with any of the
following intentions:
(1) To hold for ransom or reward, or as a shield or hostage.
(2) To facilitate commission of any felony or flight thereafter.
(3) To inflict bodily injury on or <u>to terrorize the victim or an</u>other.
(4) To interfere with the performance by public officials of any
governmental or political function.
(b) Grading. Kidnapping is a felony of the first degree. A removal or
confinement is unlawful within the meaning of this section if it is
<u>accomplished by force, threat, or deception,</u>...

18 PaCS 2902 Unlawful restraint.
A person commits a misdemeanor of the first degree if he knowlingly:
(1) restrains another unlawfully in circumstances exposing him to
risk of serious bodily injury; or
(2) holds another in a condition of involuntary servitude.

18 PaCS 2903 False inprisonment.
A person commits a misdemeanor of the second degree if he knowingly
restrains another unlawfully so as to interfere substantially with
his liberty.

18 PaCS 2906 Criminal co-ercion.
(a) Offense defined.  A person is guilty of criminal coercion, if,
with intent unlawfully to restrict freedom of action of another to
the detriment of the other, he threatens to:
✓ (1) commit any criminal offense;
✓ (2) accuse anyone of a criminal offense;
(3) expose any secret tending to subject any person to hatred,
contempt or redicule; or
✓ (4) take or withhold action as an official, or cause an official
to take or withhold action.

Bouvier's @ 1805-6  Kidnapping.
  Physical force need not be applied, threats will suffice, Payson v
Macomber, 3 Allen (Mass) 69; or fraudulently acquiring consent; People
V DeLeon, 109 N.Y. 226, 16 N.E. 46, 4 Am.St.Rep. 444. The crime may be
affected by means of menaces; Moody V People, 20 Ill 315; ...
  It has been held, however, that the carrying away is not essential;
State V Robbins, 8 N.H. 550. The crime includes a false imprisonment.;
2 Bish Cr Law 671. See abduction.
  ..., a killing of the kidnapper in self defense is excusable homicide;
Delaney V Comm., 25 S.W. 830.

  Randon House-- kidnap. v.t. to abduct (a person) by force or fraud.
  All of the above are directly applicable to the instant matter, even if the
conviction is NEVER overturned, because, PaRCrimP 521 (B)(1) was violated.

  12. I was criminally coerced into allowing myself to be taken to prison at
sentencing.  I knew that NONdiscretionary law was being violated, but, like-
wise, I knew that if I resisted, I might possibly be beaten nearly to death
like what happened in prison at CP 38 of 90 when I resisted a TB shot.

In CP1133 of 03, sentencing court's obvious intent was to terrorize me and attempt to get me to seriously injure or kill one or more deputy sheriffs in a justified effort to avoid the kidnapping. There was a known violation of statutory law done by "judge" DiSantis with intent to provoke violence from me. I thank God very much for allowing me to foresee that would happen and psych myself ahead of time to remain calm in the face of violence being done under sym-bolic application of law, when, in fact, law was being coldly violated by the "judge", A.D.A., and P.D. It wasn't an easy thing to do even with God's help.

13. Petitioner reitterates here. that, 18:5503 (c) fits squarely into the declaration of being unconstitutional as stated by the United States Supreme Court in Norwell V Cincinnati, in that, it does NOT allow anyplace on earth where a person could strenously object to anything. Furthermore, as it was firmly established above and in number 11 of the original objections, a court-house and/or public building is NOT a public place unless it has been especially designated a public forum, or in the least, designated a limited public forum. Therefore, the Honorable Sean McLaughlin should not hesitate to overturn the facetious and fraudulent "conviction" at CP 1133 of 03

14. Many other PaRCrimP rules were annihilated in a complete denial of my rights to due process of law per the requirements of the U. S. Const-utional Amendments 1, 4, 5, 6, and 14.

> PaRCrimP 130 (A) Venue; Transfer of proceedings.
> (A) Venue. All criminal proceedings in summary and court cases shall be brought before the issuing authority for the magesterial district in which the offense is alleged to have occurred or before an issuing authority on temporary assignment to serve such magesterial district, subject, however, to the following exceptions:   (none are applicable)
>
> PaRCrimP 131 (A)(1) Location of proceedings before issuing authority.
> (A) An issuing authority within the magesterial district for which he or she is elected or appointed shall have jurisdiction and authority at all times to receive complaints, issue warrants, hold preliminary arraignments, set and receive bail, issue commitments to jail, and hold hearings at summary trials.
> (1) Except as provided in paragraph (A)(2), all preliminary arraign-ments shall be held in the issuing authorities established office, a night court, or some other facility within the Commonwealth desig-nated by the president judge's designee.
>
> PaRCrimP 132 (B)(4):
> (B) Temporary Assignment.
> (4) A motion shall be filed requesting a temporary assignment under paragraph (B)(1)(c) whenever the attorney for the Commonwealth elects to proceed under Rule 544 (B) following the refiling of a complaint.
>
> PaRCrimP 134 (A) Objections to venue.
> (A) Objections to venue between magesterial districts shall be raised in the court of common pleas of the judicial district in which the proceeding has been brought, before the completion of the preliminary hearing in a court case or before completion of the summary trial when a summary offense is charged, or such objections shall be deemed to have been waived.

- 6 -

PaRCrimP 519 (A)(1)
(A) Preliminary arraignment
(1) Except as provided in paragraph (B), when a defendant has been arrested without a warrant in a court case, a complaint shall be filed against the defendant and the defendant shall be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay.
(2) not applicable.

PaRCrimP 520 Bail Before Verdict
(A) Bail before verdict shall be set in all cases as permitted by law, Whenever bail is refused, the bail authority shall state in writing or on the record the reasons for that determination.
(B) A defendant may be admitted to bail on any day and at any time.

PaRCrimP 521  discussed at number five above.

Rule 524 Comment
    The bail rules prior to the 1995 reorganization required a defendant to be released on ROR when the most serious offense charged was punishable by a maximum sentence of imprisonment of not more than 3 years, the defendant was a resident of the Commonwealth, the defendant posed no threat of immediate physical harm to himself or herself or others, and the bail authority had reasonable grounds to believe that the defendant would appear as required. Cases that fall within similar parameters under the new rules. adopted in 1995 should continue to be treated in the same manner.

PaRCrimP 540. Preliminary Arraignment
(A) Not applicable
(B) At the preliminary arraignment, a copy of the complaint accepted for filing pursuant to Rule 508 shall be given to the defendant.
(C) If the defendant was arrested              with a warrant....n.a.
(D) If the defendant was arrested without a warrant pursuant to Rule 519, unless the issuing authority makes a determination of probable cause, the defendant shall not be detained.
(E) The issuing authority shall not question the defendant about the offenses charged but shall read the complaint to the defendant. ...

PaRCrimP 544(A) Reinstituting charges following withdrawal at, OR PRIOR TO, a preliminary hearing, the attorney for the Commonwealth may reinstitute the charges by approving in writing, the refiling of a complaint with the issuing authority who dismissed or permitted the withdrawal of the charges.
(B) Following the refiling of a complaint pursuant to paragraph (A), if the attorney for the Commonwealth determines that the preliminary hearing should be conducted by a different issuing authority, the attorney shall file a Rule 132 motion with the clerk of courts requesting that the president judge, assign a different issuing authority to conduct the preliminary hearing. The motion shall set forth the reasons for requesting a different issuing authority.

15. Administrative District Justice Jay Shimek was the proper issuing authority, AND, HE DISMISSED THE CHARGES AT THE OUTSET,

Without me even being present, Jay Shimek refused to prosecute the sham charges. Then, without a motion per Rule 132, notification, and my presence at a court hearing giving me opportunity to object, the matter was taken to A.D.J. Dominick DiPaolo who did NOT read me a copy of the complaint, and who wrongfully denied me any right to bond without stating why in or for the record.
   I sat in jail three days before a knowledgeable friend was able to get me out.
   Then, probably in knowing that things were wrong, A.D.J. DiPaolo returned ALL PAPERWORK to Jay Shimek who again refused to prosecute the matter.
   Thereafter, without the Rule 132 motion required by Rule 544, the matter was taken to A.D.J. Sue Mack who illegally conducted a preliminary despite prior written objections to her venue. She then bound the sham charges over to court.
   The above was a grotesque violation of my U.S.C. Amend. 1, 4, 5, 6, 8, and 14 rights to due process of law, court access, and bail.

16. Thereafter, the Common Pleas Court Judge ignored written protests by me to the deprivations of due process of law, court access, and bail, and, HE STUDIOUSLY IGNORED EVERYONE OF THEM.

17. In addition to the Social Security payback mentioned at number four, Bierley is being wrongfully denied an additional $6,000 that he should have received making the total loss of Social Security nearly $12,000 which is a substantial amount for a person whose sole income is $976 per month after the $100 per month payback. I cannot even hope to repair my home that was trashed by squatters that I was NOT allowed to charge with trespass.

   I am certainly threatened with being coerced into payback of more Social Security for this incident and illegal fines and costs to avoid additional charges of criminal contempt of court with still more imprisonment. I am facing a possibility of losing my driver's license which would create a serious problem for me, as, I am multiple disabled, and, sometimes, severe pain and such results making walking an unbearable task.

   Wherefore, I have shown the Court, that, CP 1133 of 03 is NOT MOOT since I still have fines and costs and Social Security paybacks to make if it is not overturned, and, I face serious, even painful consequences since I cannot afford the repayments, and, I am resilient to criminal coercion which is exactly what CP 1133 of 03 is in toto.

   Therefore, I respectfully move the Honorable Court to grant the Habeas Corpus, or, in the least, grant me a certificate of appealability.
                       IT IS SO PRAYED.
c.o. L. Kowalski                                Respectfully submitted,
3123 German St.          Sept. 25, 2006
Erei, PA 16504-1073                             Harry L. Bierley, pro se, in pro per
PH: 814 454 2550

   A copy of this eight page pleading and nine page appendix was personally served at this Office of the District Attornry's Office in Erie County Courthouse. A copy was mailed to Warden James Veschecco, County Prison, 1618 Ash St., Erie, PA 16503, because, he has wrongfully instructed his personnel to refuse to accept hand delivery.